UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENCION GOMEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GILBERT INFANTE, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-01325-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND WITHOUT GRANTING FURTHER LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Ascencion Gomez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). His complaint, filed on October 6, 2025, alleges that Defendants improperly denied him parole by failing to appropriately weigh "youth offender factors" under California law. (ECF No. 1, p. 6).

The Court screened the complaint on January 26, 2026, and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 8). However, the Court granted Plaintiff leave to file an amended complaint to cure the deficiencies identified in the screening order. (*Id.* at 6-7). Alternatively, the Court gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge consistent with the screening order. (*Id.* at 7).

On February 12, 2026, Plaintiff filed a notice, stating that he wished to stand on his complaint. (ECF No. 9). Accordingly, for the reasons set forth below, the Court recommends

1

that this case be dismissed for failure to state a claim and without granting further leave to amend.

Plaintiff has thirty days from the date of service of these findings and recommendations to file any objections.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff sues two Defendants: Gilbert Infante and Ken Allen, who are identified as

Commissioners for the California Board of Parole Hearings. (ECF No. 1, p. 2). Plaintiff claims that Defendants violated his Eighth Amendment rights. (*Id.* at 4). For his supporting facts, Plaintiff states as follows:

> I have been incarcerated since May 22, 1996, when I was 14. As a youth offender, I have been eligible for parole since 2021.
>
> The California Board of Parole Hearings (BPH) is supposed to offer youth offenders a meaningful opportunity to obtain release by giving great weight to our youth offender factors when considering our suitability for parole. California law gives the BPH 19 factors to give great weight to, in accordance with U.S. Supreme Court rulings.
>
> Despite that all 19 youth offender factors apply to me, I have been found unsuitable for parole twice already. The BPH commissioners are outweighing all these factors with 7 or 8 aggravating factors. They are applying a standard developed for adult offenders to my youth offender parole suitability hearings. I am not receiving a meaningful opportunity to obtain release. My sentence is starting to feel like life without the possibility of parole.
>
> On January 15, 2025, BPH commissioners Gilbert Infante and Ken Allen presided over my first subsequent parole suitability hearing by video conference in the BPH Hearing Room at the California Correctional Institutional at Tehachapi. Presiding commissioner Infante outweighed my 19 youth offender factors with 8 aggravating factors, and found me unsuitable for parole. Deputy commissioner Allen concurred. Commissioner Infante indicated that a mere counseling chrono from prison staff would be enough to find me unsuitable at my next hearing.

(*Id*. at 5-6).

Plaintiff seeks declaratory relief that his "crime reflects transient immaturity and that [his] culpability is diminished by [his] youth offender factors." (*Id.* at 7). He also seeks "injunctive relief requiring the California Board of Parole Hearings commissioners to actually give great weight to [his] youth offender factors." (*Id.*).

**III.    ANALYSIS OF PLAINTIFF'S COMPLAINT**

**A.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

\\\

\\\

4

**B.     Due Process**

Although Plaintiff relies on the Eighth Amendment, his allegations implicate the Fourteenth Amendment.

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.

*Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citation omitted).

Under the Due Process Clause, the analysis "proceeds in two steps: [a court] first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so [next] ask[s] whether the procedures followed by the State were constitutionally sufficient." *Id.* at 219. "The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met . . . ." *Id.* at 221. As to the procedures required, "[i]n the context of parole, [the Supreme Court has] held that the procedures required are minimal." *Id.* at 220. All that is required is an opportunity to be heard and a statement of reasons why parole was denied. *Id.*, *Miller v. Oregon Bd. of Parole & Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision . . . .").

With these standards in mind, the Court turns to Plaintiff's allegations. Stating that "California law" requires the BPH "to give great weight to" certain "youth offender factors," Plaintiff argues that Defendants "are outweighing all these factors with 7 or 8 aggravating factors."[1] (ECF No. 1, p. 6). Similarly, he states, "Presiding commissioner Infante outweighed

---

[1] Plaintiff fails to cite any California law in his complaint, but he is likely referring to at least two statutes. First, California law provides for a youth offender parole hearing, which "is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense." Cal. Penal Code § 3051(a)(1). Second, "[w]hen a prisoner committed his or her controlling offense, as defined in subdivision (a) of Section 3051, when he or she was 25 years of age or younger, the board, in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the

my 19 youth offender factors with 8 aggravating factors, and found me unsuitable for parole. Deputy commissioner Allen concurred." (*Id.*).

However, any error by Defendants in applying California state law regarding the weighing of parole factors does not implicate a Federal constitutional violation, because, as the Supreme Court noted in *Cooke*, "a mere error of state law is not a denial of due process." *Cooke*, 562 U.S. at 222 (internal quotation marks and citation omitted); *see Dauwalder v. Moeller*, No. 1:25-CV-00665-SAB (PC), 2025 WL 3526669, at *2 (E.D. Cal. Dec. 9, 2025) ("Plaintiff's contention that he should have been released earlier [on parole] constitutes solely a violation of state law and does not state a cognizable federal civil rights claim."); *Victory v. Shaffer*, No. 1:20-CV-00738-CDB (PC), 2023 WL 158271, at *4 (E.D. Cal. Jan. 11, 2023), *report and recommendation adopted*, 2023 WL 2374093 (E.D. Cal. Mar. 6, 2023) ("[W]hether the commissioners correctly applied California law in conducting the hearing, or in denying parole, is not determinative of whether Plaintiff received adequate process under the Due Process Clause.").

Instead, the Court must consider whether Plaintiff had the opportunity to be heard and whether he received a statement of the reasons that he was denied parole. *Cooke*, 562 U.S. at 220; *see Krenwinkel v. Hill*, No. CV 19-10066-VBF (SP), 2020 WL 7061033, at *3 (C.D. Cal. Oct. 19, 2020), *report and recommendation adopted*, 2020 WL 7056287 (C.D. Cal. Nov. 30, 2020) ("The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied, and not whether the state court decided the case correctly.").

Plaintiff does not allege that he did not have the opportunity to be heard or that he did not receive a written statement of the reasons why he was denied parole. Rather, the complaint states that he had a hearing on January 15, 2025, indicating that he had the opportunity to be heard. (ECF No. 1, p. 6). Additionally, the complaint alleges that Defendants relied on certain "aggravating factors" to deny him parole, indicating that he received a statement of the reasons

hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." Cal. Penal Code § 4801(c).

why he was denied parole. (*Id.*).

Lastly, the Court notes that Plaintiff cites various authority in his notice to stand on the complaint—including *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012)—to argue that Defendants must give great weight to his youth offender factors. (ECF No. 9, p. 2). However, other courts have rejected similar arguments. *See Krenwinkel*, 2020 WL 7061033, at *2 ("Neither *Graham* nor *Miller* requires parole boards to give great weight to a juvenile's age as petitioner implies."); *Gray v. Gastelo*, No. 18-581-VBF (FFM), 2019 WL 926352, at *5 (C.D. Cal. Jan. 15, 2019), *report and recommendation adopted*, 2019 WL 1453476 (C.D. Cal. Mar. 29, 2019) ("Petitioner apparently believes that *Miller* and *Graham* (and, by extension, the Eighth Amendment) require parole boards to give 'great weight' to criminal defendants' juvenile offender status (and the accompanying 'hallmarks of youth') in determining whether such defendants are suitable for parole at any parole suitability hearing. But no Supreme Court opinion supports that proposition. Instead, the Supreme Court precedent that exists speaks only of taking a defendant's status as a juvenile into account at sentencing.").

Accordingly, Plaintiff has failed to state a Fourteenth Amendment claim.

## IV.   ORDER, CONCLUSION, AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and concludes that he fails to state any cognizable claims.

The Court previously provided Plaintiff with the applicable legal standards, explained why Plaintiff's complaint failed to state any claims, and gave Plaintiff leave to file an amended complaint. However, Plaintiff chose to stand on his complaint. Thus, the Court finds that granting further leave to amend would be futile.

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, for the reasons given above, IT IS RECOMMENDED as follows:

1. This action be dismissed for failure to state a claim and without granting further leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 18, 2026**                    /s/ _Erin P. Grosjean_
                                                         UNITED STATES MAGISTRATE JUDGE